# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JANICE M. REYNOLDS, | : | |
| Claimant, | : | |
| v. | : | CASE NO. 5:10-CV-92 -- MSH |
| | : | Social Security Appeal |
| MICHAEL ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Respondent. | : | |

## ORDER

Claimant protectively filed for supplemental security income ("SSI") on March 27, 2006. The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties have filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were

applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. §

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, app. 1, pt. 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

**ISSUE**

**Did the ALJ err in according little weight to Claimant's mental health provider Susan Johansen, LPC?**

**Administrative Proceedings**

Janice M. Reynolds filed her application for SSI on March 27, 2006, initially alleging an onset of disability of December 1, 1999. (Tr. 13, 85-87, 95.) Since Claimant was denied SSI benefits in two prior applications on March 31, 2000 and March 13, 2004, Claimant's application was amended at the ALJ hearing to seek benefits from March 27, 2006, the date upon which the application she now pursues was filed. (Tr. 30.) The ALJ issued her opinion denying Claimant SSI benefits on November 26, 2008, (Tr. 10-25) and the Appeals Council denied her request for review on January 8, 2010. (Tr. 1-3.) This appeal followed.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in any substantial gainful activity since March 27, 2006. (Tr. 15.) The ALJ also concluded that Claimant had the severe impairments of hypertension, asthma, spondylosis of the cervical spine, status post lumbar fusion, osteoarthritis of the left knee, and a mental disorder ("alternatively diagnosed as Depression, Major Depressive Disorder, Post Traumatic Stress Disorder and Anxiety"), but that these impairments—or any combination of her impairments—did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-17.) The ALJ next found that Claimant had the residual functional capacity ("RFC") to

perform medium work, except that the ALJ included several specific physical and mental restrictions. (Tr. 17-23.) The ALJ determined that Claimant was a younger individual on the date that the application was filed, with at least a high school education, who could communicate in English. (Tr. 24.) Since the ALJ found that Claimant could not perform past relevant work, the ALJ determined that transferability of job skills was not an issue. (*Id.*) Considering the Claimant's age, education, work experience, and RFC, the ALJ found that jobs existed in significant numbers in the national economy that Claimant could perform. (Tr. 24-25.) Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. (Tr. 25.)

## DISCUSSION

### Did the ALJ err in according little weight to Claimant's mental health provider Susan Johansen, LPC?

Claimant raises one issue in seeking reversal, that the ALJ erred by improperly rejecting the opinions of her treating mental health provider, and thus the decision of the Commissioner to deny Claimant's disability claim is not based on substantial evidence. At the time the ALJ rendered the unfavorable decision on November 26, 2008, Claimant was a 45 year old high school graduate who previously worked as a cashier and housekeeper. (Tr. 31, 54, 101.) Claimant alleged in her application of March 27, 2006, that she was disabled due to hypertension, asthma, depression and arthritis. (Tr. 100.) After a review of all evidence in the record, the ALJ determined that Claimant had the severe impairments of hypertension, asthma, spondylosis of the cervical spine, status post lumbar fusion,

5

osteoarthritis of the left knee, and mental disorders of depression with features of major depressive disorder, post-traumatic stress disorder ("PTSD") and anxiety. (Tr. 15.) The ALJ also found that Claimant had the non-severe impairments of status post right carpal tunnel release and mild left ventricular hypertrophy, but further found that Claimant asserted no symptomology and no evidence was present in the record of treatment for either impairment. (Tr. 15.) A physical RFC assessment performed by the State Disability Determination Service ("SDDS") determined that Claimant was "not disabled" and had the capacity to perform work at the medium exertion level with an additional limitation of no overhead reaching due to the severe impairment of cervical degenerative disc disease. (Tr. 207-14; 267-74.) No evidence was offered by Claimant to indicate that this assessment was incorrect and the ALJ specifically afforded it "great weight." (Tr. 19.) The ALJ found that the longitudinal record established that Claimant had a significant history of uncontrolled hypertension but also found that Claimant was habitually noncompliant in following the prescribed regimen of medicine and exercise. (Tr. 20). In her brief before the court, Claimant has not raised any assertion of error seeking reversal or remand based upon the findings of the SDDS and its determination of "not disabled." Indeed, neither party has addressed the issue of the SDDS determination and its physical RFC assessment that Claimant has the *physical* ability to work.

Claimant's single assertion of error is that the ALJ improperly rejected the opinion of Susan Johansen, LPC, her "treating personal counselor" who Claimant concedes is not an "acceptable medical source" as contemplated in 20 C.F.R. 416.913(a). (Claimant's Reply

Br. 1.) Claimant contends that the opinion is nonetheless entitled to "great weight" and must therefore be evaluated in accord with SSR 06-03p. (Claimant's Reply Br. 1-2.) However, Claimant cites no authority for the argument that "great weight" is the standard to be applied to Ms Johansen. The Commissioner agrees that the "personal counselor" is not an "acceptable medical source" and contends that the opinion of Ms. Johansen should be considered as "other source" evidence. (Comm'r Br. 7-9.) He further argues that the ALJ properly considered the opinion as other source evidence and correctly afforded it little weight since the ALJ specifically found that Johansen relied almost exclusively on subjective complaints made by Claimant which were inconsistent and unsupported by any other evidence of record. (*Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155 (11th Cir. 2004).)[2]

Claimant has a significant history of treatment, including medication and counseling, for four distinct mental impairments: Bipolar I, Post Traumatic Stress Disorder, anxiety and depression. (Tr. 191-206.) Prescribed medicines have included Zoloft, Lexapro and Seroquel (Tr. 191,192) and have been augmented by counseling sessions at River's Edge

---

[2]  Because Claimant has limited her brief before the Court to the issue of whether the severe impairment of depression renders her disabled pursuant to the Social Security Act, and the ALJ's rejection of Ms. Johansen's opinion that depression causes Claimant's disability to work, the Court addresses only this argument. Although Claimant in her "Jurisdictional Statement" invokes the authority of a reviewing court to scrutinize the record to determine if the Commissioner applied proper legal standards and based his decision to deny benefits on substantial evidence under 42 U.S.C. 405(g), her counsel has limited Claimant's assertion of error to the single issue framed, above, and no other claim or argument is considered here. "Failure to elaborate on a claim or provide citation of authority results in a waiver of the claim." *Majkut v. Comm'r of Soc. Sec.*, 2010 WL 3394474 (11th Cir. 2010); *see also Perschilli v. Comm'r of Soci. Sec.*, 246 F. App'x 613 (11th Cir. 2007).

Behavioral Health Center and the Counseling Center. (Tr. 191-206.) Since 2006, Claimant has been counseled by Susan Johansen, a licensed professional counselor. Although Claimant references "other treating physicians," a thorough scrutiny of the record reveals none. A consultative psychological examination was conducted by John S. Muller, PhD, on June 22, 2006, who diagnosed PTSD and recurrent Major Depressive Disorder/Moderate with a prognosis of continued symptomology. (Tr. 215-219.) In the clinical interview, Claimant stated that medications were helpful and denied hallucinations, both auditory and visual. She anecdotally mentioned believing that she saw people walking by when she did not think they were in fact there. (Tr. 216.) Claimant confirmed to Dr. Muller that she had a driver's license, slept well including a 30 minute daily nap, shopped without difficulty and attended church. Her ability to recall dates and events was found to be intact and she had adequate concentration and good judgment. (Tr. 218.) No intelligence testing was performed. The ALJ specifically discussed the consultative examination and, after carefully parsing each element of the record related to the examination, specifically gave it "little weight." (Tr.22.) Claimant does not assign error to the decision of the ALJ in this regard and no further consideration is therefore warranted.

Two non-examining sources, David Williams, MD, PhD, and Steve O'Hagan, PhD, reviewed the record including the case notes of Ms Johansen and Dr. Muller and opined that, although Claimant had both a depressive disorder and PTSD, she could follow simple directions up to four steps and was possessed of social skills required to function adequately in the work place. (Tr. 220-236, 249-266.) The ALJ specifically weighed and considered

8

these opinions and afforded them "great weight." (Tr. 23.) Claimant does not contend that this finding of fact by the ALJ was erroneous.

Claimant does contend that the ALJ erred in the manner in which she considered the opinion of Susan Johansen and in ultimately affording it "little weight." (Tr. 22.) While Claimant correctly points out that her relationship with Johansen is of significant duration, the ALJ also correctly noted that the Claimant's complaints were wholly subjective and not otherwise supported by evidence in the record as a whole. (Tr. 21-22.) Reviewed over time, her complaints were found by the ALJ to be marked by inconsistencies not otherwise accounted for in the record. (Tr. 21-22.) Despite complaints of recurring symptoms, Claimant either cancelled or rescheduled appointments a number of times. In June 2006, less than three months after the alleged onset of disability due to depression, Claimant reported that she was doing well under medication and denied hallucination. (Tr. 21.) In December 2007 and February 2008 she reported again feeling better and denied problems with sleep and diet as well as denying hallucination. (Tr. 21.) Also, the ALJ noted that in the February 2008 clinical visit, Claimant initially denied any adverse side effects of the prescribed medicine but later in the same visit complained of nausea. (Tr. 21.) No further evidence in the record supported the complaint of nausea and although Claimant made two complaints of disorientation, no other evidence supported her complaints. The ALJ specifically considered Johansen's report in this regard and afforded it little weight due to the clear lack of corroboration and obvious inconsistency. Specifically addressing Johansen's conclusions, the ALJ found that they were heavily based on subjective complaints by the Claimant only

9

and uncritically accepted as true. (Tr. 22.) The ALJ found that the record established clear exaggeration by Claimant when she claimed three hospitalizations when in fact she had nothing more than two emergency room visits for hypertension and dizziness. (Tr. 22.)

As explained above, the Court cannot re-weigh evidence, or substitute its judgment for that of the ALJ. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Court's review is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Furthermore, the ALJ, not this Court, makes credibility determinations and resolves conflicts in the evidence. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991); *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986). Although Johansen's relationship with Claimant can be characterized as one of ongoing treatment and counseling, Claimant concedes that Johansen is not an "acceptable medical source" and her opinion cannot establish the existence of a disabling impairment. *Crawford*, 363 F.3d 1155. Given the evidence in the record as described *supra*, the ALJ's determinations and weight accorded Claimant's treating practitioners is supported by substantial evidence. Claimant has the burden of establishing her disability to work and has failed to do so. *See* 42 U.S.C. § 423(d)(1); *see also Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The decision of the Commissioner is consequently affirmed.

## CONCLUSION

WHEREFORE, it is hereby ordered that the decision of the Commissioner be **AFFIRMED**.

THIS the 1st day of December, 2010.

S/Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE